IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS BEAUMONT
DIVISION

| | |
|---|---|
| IN RE: | * |
| | * |
| ALAN WAYNE BYRD | *   Case No. 19-10328 |
| TAMMY LYNN BYRD | *   Chapter 13 |
| 14069 NORTH LANTANA | * |
| ORANGE, TX 77632 | * |
| xxx-xx-4834/ xxx-xx-7095 | * |

<Debtor>

## MOTION TO DISMISS FOR INFEASIBILITY AND SETTING HEARING

**The Trustee requests this Court to set this Motion for hearing on the 17TH day of SEPTEMBER, 2020, at 10:00 AM VIA VIRTUAL HEARING.**

To the Honorable Judge of Said Court:

Comes Now, Lloyd Kraus, Chapter 13 Trustee, and files this his Motion to Dismiss for Infeasibility and Setting Hearing filed in the above styled case and for cause would show the following:

1.  **Jurisdiction:**  The Court has jurisdiction over this proceeding in accordance with 28 U.S.C. §§ 157 and 1334.  This is a core proceeding according to 28 U.S.C. § 157(b).

2.  **Dismiss Case for Infeasibility:**  The Trustee requests this case be dismissed pursuant to the provisions of 11 U.S.C. § 1307(c)(1) and 11 U.S.C. § 1307(c)(6) based upon infeasibility of the confirmed Plan as set forth below and that such infeasibility constitutes a material default of a term of the Plan and the Trustee asserts that such dismissal is in the best interests of the Creditors.

3.  **Infeasible:**  The Chapter 13 Plan as filed by the Debtor[1] and confirmed by the Court is or has become infeasible for one or more of the following reason(s) as checked below:

    ( )  **Underfunded:**  The confirmed Plan is underfunded in that the sum of the plan payments paid and/or to be paid to the Trustee is insufficient to pay all of the claims and administrative fees that the Trustee must pay under the terms of the Plan..

    ( )  **Certain Claims cannot be Reconciled with Plan:**  The following claims as set forth in the Plan cannot be reconciled with the actual claims as filed by the underlying creditors for the reasons as set forth in Schedule L of the Trustee's Reconciliation of Claims:  **[List names of claimants from Schedule L]**

---

[1] The use of the singular term "Debtor" in this Motion to Dismiss includes both Debtors when the case has been initiated by the filing of a joint petition by spouses.

( )     **Priority Claim Not in Plan:**  The Plan fails to provide for the full payment of the following priority claims pursuant to 11 U.S.C. § 1322(a)(2):  **[List names of priority claimants].**

( )     **506 Claim not fully provided for in the Plan (*applicable only to 2006 version of TXEB Form Plan*):**  The Plan fails to fully provide for the payment of the secured amount of the following 506 claims and collateral value has not otherwise been established by agreement or Court Order: **[List names of creditors whose secured claim amount is greater than the cram down value being paid in the plan]**

( X )   **No allowed claims filed for the following Claimants to be paid under the terms of the confirmed Plan:**  PEVCO

( X )   **Other Grounds to dismiss the case:**  Failure to provide the Trustee with a copy of the 2019 tax return.

4.   **Only applies if checked off:**

**( )  Dismiss Case for Failure to Make Plan Payments:**  The Trustee requests this case be dismissed pursuant to the provisions of 11 U.S.C. § 1307(c)(1) based upon the failure of the Debtor to make plan payments and the Trustee asserts that such dismissal would be in the best interests of the Creditors.

**Amount of arrearage in Plan Payments:**  The Debtor is in arrears in the amount of **<Arrear>** as of <AsOfDt> plus any additional plan payments that come due between that date and the hearing date noted above.

**Bringing Plan Payments Current Prior to the Hearing**:  To prevent the dismissal of this case, the Debtor may bring the plan payments current by making payments by one of the acceptable options as set forth on the Trustee's website in sufficient time for the payment to post **prior** to the Court hearing.[2]

---

[2] **See the various payment options at the Trustee's website at http://ch13tyler.com under the tab on the left of the screen entitled "Debtors".**

WHEREFORE, PREMISES CONSIDERED, the Trustee requests that this case be dismissed based upon the grounds as set forth herein; that any funds remaining on deposit with the Trustee shall be distributed to the Debtor upon the dismissal of this case per *Viegelahn v Lopez (In re Lopez)*, 2018 WL 3626628 at *5-6 (5th Cir. July 31, 2018); and that the Trustee be given such other relief that the Trustee may show himself entitled.

Respectfully submitted,

Lloyd Kraus, Chapter 13 Trustee

/s/ Lloyd Kraus
Lloyd Kraus, Chapter 13 Trustee SBN 24066773
110 N. College, Suite 1200
Tyler, TX  75702
(903) 593-7777; FAX (903) 597-1313

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motion to Dismiss and Setting Hearing has been served upon the following parties in interest by mailing a copy of same to them via first class mail or electronically on 8/17/2020:

TAGNIA FONTANA CLARK
MAIDA CLARK LAW FIRM P C
4320 CALDER AVE
BEAUMONT, TX 77706

ALAN WAYNE BYRD
TAMMY LYNN BYRD
14069 NORTH LANTANA
ORANGE, TX 77632

/s/ Lloyd Kraus
Lloyd Kraus